UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA DUNIEVITZ,<br><br>        Plaintiff,<br><br>  v.<br><br>WORK WORLD AMERICA, INC., et al.,<br><br>        Defendants. | No. 2:21-cv-01489-JAM-JDP<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court on Work World America, Inc.'s ("Defendant") motion to dismiss. Mot., ECF No. 5. Monica Dunievitz ("Plaintiff") filed an opposition. Opp'n, ECF No. 12. Defendant replied. Reply, ECF No. 13. After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendant's Motion to Dismiss.[1]

                            I.   BACKGROUND

Defendant employed Plaintiff as a retail salesperson at its Roseville, California store from December 2014 to August 2018. Compl. ¶¶ 12-13, 21, ECF No. 1. Plaintiff and a co-worker,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 25, 2022.

1

Yudith Ramos ("Ramos"),[2] allege their direct supervisor, Jack Price ("Price"), subjected them to a sexually hostile work environment. Opp'n at 2. Among other things, Price used racist language against people of color, demeaned and sexually objectified women, openly talked about his sex problems and displayed male enhancement pills in the workplace, and viewed pornography from his work computer. Compl. ¶¶ 16-17.

On August 20, 2018, Plaintiff placed an anonymous call to Work World headquarters to report that Price had been viewing pornography on a work computer. Id. ¶ 19. Defendant sent a general manager to investigate, who found that porn sites had been visited but implied Ramos had accessed the sites. Id. ¶ 20. Ramos told the investigator it was not her but Price, and that she did not feel safe working with him. Id. Plaintiff also told the general manager she did not feel safe working with Price due to his angry mood swings and demeaning comments and behavior towards women. Id. ¶ 21. The investigator did not assure either Ramos or Plaintiff that Work World would keep them safe. Id. ¶¶ 20-21. Shortly thereafter, Plaintiff quit. Id. ¶ 21.

On February 14, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Work World and Price, alleging sexual harassment. Id. ¶ 10. The charge was dual-filed with the California Department of Fair Employment and Housing ("DFEH"). Id. In March 2019, the EEOC transferred processing of the charge

---

[2] Ramos, represented by the same counsel as Plaintiff, brings a nearly identical action against Defendant. See Ramos v. Work World America, Inc. et al., No. 2:21-cv-01490-JAM-JDP (E.D. Cal. 2021).

2

1  to DFEH.  Id.  DFEH's investigation concluded in early August
2  2020.  Id. ¶ 11.  DFEH issued Plaintiff a right-to-sue notice on
3  August 18, 2020, and the EEOC issued a right-to-sue notice on
4  October 20, 2020.  Id.
5     On August 19, 2021, Plaintiff filed the present lawsuit.
6  See generally Compl.  Plaintiff brings five claims: (1) sex
7  discrimination under Title VII; (2) retaliation under Title VII;
8  (3) sexual harassment under California's Fair Employment and
9  Housing Act ("FEHA"); (4) failure to prevent sexual harassment
10 under FEHA; and (5) retaliation under FEHA.  Id.  Defendant now
11 moves to dismiss.  See generally Mot.
12                          II.   OPINION
13    A.   Legal Standard
14    Dismissal is appropriate under Rule 12(b)(6) of the Federal
15 Rules of Civil Procedure when a plaintiff's allegations fail "to
16 state a claim upon which relief can be granted."  Fed. R. Civ.
17 P. 12(b)(6).  "To survive a motion to dismiss a complaint must
18 contain sufficient factual matter, accepted as true, to state a
19 claim for relief that is plausible on its face."  Ashcroft v.
20 Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and
21 citation omitted).  While "detailed factual allegations" are
22 unnecessary, the complaint must allege more than "[t]hreadbare
23 recitals of the elements of a cause of action, supported by mere
24 conclusory statements."  Id.  "In sum, for a complaint to
25 survive a motion to dismiss, the non-conclusory 'factual
26 content,' and reasonable inferences from that content, must be
27 plausibly suggestive of a claim entitling the plaintiff to
28 relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.

2009).

B. Analysis

1. Title VII Claims

Plaintiff brings two federal claims: (1) "Discrimination-Sexual Harassment" under Title VII and (2) "Retaliation" under Title VII. Compl. at 7-8. Defendant argues both claims are time-barred because Plaintiff did not file this action within 90 days of receiving her right-to-sue letters. Mot. at 2-5.

A plaintiff has 90 days after receipt of a right-to-sue notice from the EEOC within which to commence a civil action based on the charges filed. See 42 U.S.C. § 2000e-5(f)(1). Failure to commence suit within the 90-day period is grounds for dismissal of the action. Missirlian v. Huntington Memorial Hospital, 662 F.2d 546, 549 (9th Cir. 1981); see also Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F. 3d 954, 969 (9th Cir. 2010).

Here, DFEH issued Plaintiff a right-to-sue notice dated August 18, 2020, and the EEOC issued a right-to-sue notice on October 20, 2020. Compl. ¶ 11. Plaintiff filed the present action on August 19, 2021. Because over 90 days passed before this suit commenced these claims are barred. Plaintiff does not dispute this in opposition. See generally Opp'n. Indeed, Plaintiff clearly concedes in a footnote that she "does not seek to apply equitable tolling to her Title VII claims for which she sought an administrative remedy through EEOC." Id. at 6, n.3. Defendant's motion to dismiss as to these claims is therefore granted. Finding amendment would be futile, the Court dismisses these claims with prejudice. See Deveraturda v. Globe Aviation

4

1  Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).

2              2.   Remaining State FEHA Claims

3       Having dismissed Plaintiff's only federal claims, the Court
4  declines to exercise supplemental jurisdiction over her
5  remaining state FEHA claims.  A district court may sua sponte
6  decline to exercise supplemental jurisdiction over pendant state
7  law claims if it "has dismissed all claims over which it has
8  original jurisdiction."  28 U.S.C. § 1367(c)(3); see also Acri
9  v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997)
10 ("in the usual case in which all federal law claims are
11 eliminated before trial, the balance of factors . . . will point
12 toward declining to exercise jurisdiction over the remaining
13 state-law claims.").  The Court agrees with Defendant that here
14 there is no good reason to retain jurisdiction over the FEHA
15 claims.  Reply at 4; see also Opp'n at 8, n.4.

                              III.   ORDER

     For the reasons set forth above, the Court GRANTS
Defendant's motion to dismiss Plaintiff's first and second claims
under Title VII WITH PREJUDICE.  The Court declines to exercise
supplemental jurisdiction over the remaining state law claims.
     IT IS SO ORDERED.
Dated:  January 28, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE